Douglas A. Miro (dmiro@ostrolenk.com)
Alan Federbush (afederbush@ostrolenk.com)
Ariel S. Peikes (apeikes@ostrolenk.com)
Ostrolenk Faber, LLP
1180 Avenue of the Americas
New York, NY 10036
(212) 382-0700

*Attorneys for Plaintiff, Creative Kids Far East, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CREATIVE KIDS FAR EAST, INC., ) ) Plaintiff, ) ) v. ) ) RMS INTERNATIONAL USA, INC. ) ) Defendant. ) ) ) | Civil Action No. 17-cv-2871 **JURY TRIAL DEMANDED** |

**COMPLAINT**

CREATIVE KIDS FAR EAST, INC. ("Creative Kids"), by and through its attorneys, for its Complaint against Defendant, RMS INTERNATIONAL USA, INC. ("RMS"), alleges as follows.

**INTRODUCTION**

1.   This is an action for trade dress infringement, deceptive acts and practices, unfair competition, and related claims against Defendant RMS for its product packaging that mimics the inherently distinctive and well-known packaging of two products offered by Creative Kids. RMS has introduced two new products with product packagings that deliberately mimic unique elements of trade dresses of Creative Kids. Because the new product packagings from RMS will

inevitably confuse consumers, if they have not already, Creative Kids has no choice except to seek injunctive relief against the further distribution of the deceptively designed product packagings.

2.      For the last several years, Creative Kids and RMS have competed directly in arts and crafts products, hobby kits, games, and other products for children. Over this period, due to the quality of Creative Kids' products, their designs, and the design of Creative Kids' product packaging, Creative Kids' sales have been increasing.  In an apparent reaction to the strong sales of Creative Kids' products, rather than develop its own innovative products, designs or marketing strategy, RMS has decided instead to mimic the inherently distinctive trade dresses of two of Creative Kids' products.  In doing so, RMS seeks to usurp Creative Kids' hard-earned goodwill by confusing the consuming public and the trade into purchasing RMS' copycat products.

## THE PARTIES

3.      Plaintiff CREATIVE KIDS FAR EAST, INC., is a corporation organized and existing under the laws of the State of New York, having a place of business at 382 Route 59, Monsey, NY 10952.

4.      Defendant, RMS INTERNATIONAL USA, INC., is a corporation organized and existing under the laws of the State of Florida, with a place of business at 8323 NW 12 Street, Suite 111, Miami, FL 33216.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C §§ 1367(a).

6. This Court has personal jurisdiction over RMS by reason of its regular transaction of business in this Judicial District and in the State of New York, and its commission of the tortious acts within the State of New York and this Judicial District that have had, and continue to have, injurious effects on Creative Kids in this Judicial District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because this is an action brought pursuant to the federal trademark laws, 15 U.S.C. § 1051 *et seq.*, Defendant conducts business in this Judicial District, and a substantial part of the events giving rise to the claims occurred in this District.

## FACTS

**A. Creative Kids' Distinctive and Nonfunctional Trade Dress in its "Crystal Growing" Kit Product Packaging**

8. Creative Kids has long offered its "Crystal Growing" kit line of products to consumers in the United States. The line of products has been offered at TOYS R US stores, as well as through other retailers across the United States, and has met with significant success amongst consumers and the trade.

9. Below is a picture showing the Creative Kids' "Crystal Growing" kit product packaging:



10. The Crystal Growing Kit Product Packaging Trade Dress (hereafter, "Crystal Growing Trade Dress") is inherently distinctive and consists of: (1) a unique depiction of irregular, protruding shapes at the top of the product packaging resulting in a jagged upper edge of the packaging; (2) a transparent front panel with an arbitrary bulbous shape revealing a unique placement and arrangement of a wooden stick placed vertically, and two rocks alongside the wooden stick; (3) an image near the center of the product packaging showing fully-grown crystals, and; (4) the designation "Crystal Growing" shown near the top of the product packaging with a border outline in a contrasting color.

11. Creative Kids has offered for sale and distributed product bearing the Crystal Growing Trade Dress since at least as early as 2014.

12. Resulting from Creative Kids' consistent use of the Crystal Growing Trade Dress, the product packaging trade dress has become well-known to consumers and to the trade, such that they recognize Creative Kids as the source of the product.

13. The above-described combination of elements in the Crystal Growing Trade Dress is non-functional. Countless alternative designs exist to competitors for creating their own product packaging for competing products.

**B. RMS' Infringement of the Crystal Growing Trade Dress**

14. RMS, instead of devising its own non-imitative packaging, has imported, advertised, offered, and/or sold a product called "Crystal Growing Kit" in this district, which has all of the elements of the Crystal Growing Trade Dress. Set forth below are the Creative Kids' product packaging and the RMS product packaging, shown side-by-side:



15. The RMS product packaging (shown above, at right) incorporates all of the elements of the Crystal Growing Trade Dress: (1) a depictions of irregular, protruding shapes

showing crystals, which is similar to the depiction of such elements set forth in the Crystal Growing Trade Dress and that is at the top of the product packaging, resulting in a jagged upper edge of the product packaging as is set forth in the Crystal Growing Trade Dress; (2) a transparent front panel with an arbitrary bulbous shape, similar to the Crystal Growing Trade Dress, which reveals the same placement and arrangement of a wooden stick placed vertically, and two rocks alongside the wooden stick, as set forth in the Crystal Growing Trade Dress; (3) an image showing fully grown crystals at the same location, near the center of the product packaging, as set forth in the Crystal Growing Trade Dress, and; (4) the designation "Crystal Growing Kit" shown near the top of the product packaging and with a border outline in a contrasting color, as set forth in the Crystal Growing Trade Dress.

16.     RMS has intentionally and slavishly copied virtually every detail of Creative Kids' product packaging for the purpose of confusing consumers and the trade, and in order to usurp the business and goodwill of Creative Kids.  In furtherance of its efforts to cause consumer confusion and to best capitalize on the goodwill associated with the Creative Kids' Crystal Growing Trade Dress, RMS has placed its competing product with imitative product packaging into TOYS R US stores.  As noted above, Creative Kids has been offering its "Crystal Growing" kit at TOYS R US stores for several years.

17.     Upon learning of RMS' imitative product packaging, Creative Kids wrote to RMS and demanded that RMS cease and desist from using the Crystal Growing Trade Dress on its competing products.

**C. Creative Kids' Distinctive and Nonfunctional Trade Dress in its "Velvet Bonanza" Product-Line**

18.     Creative Kids offers for sale an arts and crafts kit product-line called "Velvet Bonanza" for several years.  The Velvet Bonanza kits consist of arts and crafts supplies packaged together for young children that contain: (i) colored markers; (ii) glitter-glue; (iii) colorful

stickers in the shapes of hearts, stars, flowers, and circles, and; (iv) colorful sequins. The kits also contain textured black and white surfaces for coloring and other decoration. Creative Kids' Velvet Bonanza kits have always included: (i) a do-not-disturb door hanger, and (ii) a texture-covered notepad connected by a colorful, pink spiral binding.

19.   Velvet Bonanza craft kits are packaged in inherently distinctive product packaging, and the product packaging has also has become well-known to consumers and to the trade. The Velvet Bonanza kits have been offered at Big Lots stores, as well as through other retailers across the United States and have met with significant success amongst consumers and the trade.

20.   Examples of the Velvet Bonanza product packaging are shown below:







21. The inherently distinctive Velvet Bonanza Product Packaging Trade Dress (hereafter, the "Velvet Bonanza Trade Dress") consists of: (1) a rectangular box with a clear cellophane window at the center of the box with unique, irregularly shaped borders; (2) a depiction of a multi-colored rainbow that runs behind the product name, at the top-left corner of the box; (3) the product name within a border in a contrasting color at the top left corner of the box; (4) a unique placement and arrangement of multi-colored markers, two units of colorful glitter-glue, a black and white notepad with pink spiral binding, and a black and white door hanger, and; (5) a unique series of vertically stacked and arranged and slightly askewed images on the left and right borders of the box. Creative Kids has offered for sale and distributed product bearing the Velvet Bonanza Trade Dress since at least as early as 2012.

22. The Velvet Bonanza Trade Dress has become well-known to consumers and to the trade, allowing them to recognize Creative Kids as the source of the product.

23. The above-described combination of elements in the Velvet Bonanza Trade Dress is non-functional. Countless alternative designs exist to competitors for creating their own product packaging for competing products. The juxtaposition of the various elements and images need not be the same, without impacting the use, purpose, cost or quality of the product, and without putting Creative Kids' competitors at a significant non-reputation-related disadvantage.

**D. RMS' Infringement of the Velvet Bonanza Trade Dress**

24. Upon information and belief, RMS has imported, advertised, offered, and/or sold a product called "Ultimate Velvet Art" in this Judicial District. Defendant's new Ultimate Velvet Art product copies all aspects of the Creative Kids' Velvet Bonanza Trade Dress. Here is a picture showing Defendant's imitative product packaging:



25. The Creative Kids Velvet Bonanza and the RMS' Ultimate Velvet Art product packagings are shown next to each other here:





26. It is clear that numerous design elements, including all of the trade dress elements, have been copied by Defendant from the Creative Kids "Velvet Bonanza" kits' product packaging. RMS' copycat product packaging includes: (1) a rectangular box with a clear cellophane window at the same center location of the box and with similar irregularly shaped borders as those shown in the Velvet Bonanza Trade Dress; (2) a multi-colored depiction of the product name forming the impression of a rainbow at the same top-left corner of the box location as the rainbow depicted in the Velvet Bonanza Trade Dress; (3) the product name with a border outline in a contrasting color at the same top-left corner of the box, as set forth in the Velvet

Bonanza Trade Dress; (4) the same placement and arrangement of multi-colored markers, two units of colorful glitter-glue, a black and white notepad with pink spiral binding, and a black and white door hanger, as set forth in the Velvet Bonanza Trade Dress, and (5) a similar series of vertically stacked and arranged and slightly askewed images stacked on the same left and right borders of the box location, as set forth in the Velvet Bonanza Trade Dress.

27. RMS has intentionally and slavishly copied Creative Kids' product packaging for the purpose of confusing consumers and the trade, and in order to usurp from Creative Kids its business and goodwill.

28. Also in furtherance of its efforts to cause consumer confusion and capitalize on the goodwill associated with Creative Kids' trade dress, RMS has placed its competing, imitative product and product packaging into Big Lots stores. As noted above, Creative Kids has been offering its Velvet Bonanza kits at Big Lots stores for several years.

29. Upon learning of RMS' imitative product packaging, Creative Kids wrote to RMS and demanded that RMS cease and desist from using the Velvet Bonanza Trade Dress on its competing products.

### COUNT ONE

### Trade Dress Infringement of the Creative Kids' Crystal Growing Trade Dress – (15 U.S.C. § 1125(a))

30. Creative Kids repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

31. The Crystal Growing Trade Dress is used in commerce, is not functional, is inherently distinctive, and has acquired secondary meaning in the marketplace.

32. The RMS Crystal Growing Kit product features a product packaging design that is confusingly similar to Creative Kids' Crystal Growing Trade Dress, and Defendant's manufacture, distribution, sale and promotion of the infringing Crystal Growing Kit is likely to

cause confusion and mistake and to deceive customers as to the source, origin or sponsorship of their products.

33. Upon information and belief, Defendant chose to use the infringing product packaging design with actual knowledge of Plaintiff's prior use of and rights in the distinctive and well-known Crystal Growing Trade Dress. Upon information and belief, Defendant markets and sells its infringing design in commerce with the intent to cause confusion, to cause mistake, or to deceive.

34. Defendant's actions constitute willful trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Defendant's conduct has caused and is causing irreparable injury to Plaintiff.

## COUNT TWO

### Trade Dress Infringement of the Creative Kids' Velvet Bonanza Trade Dress
### (15 U.S.C. § 1125(a))

36. Creative Kids repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

37. The Velvet Bonanza Trade Dress is used in commerce, is not functional, is inherently distinctive, and has acquired secondary meaning in the marketplace.

38. Defendant's Ultimate Velvet Art kit, which upon information and belief, is being used in commerce, features a design that is confusingly similar to the Creative Kids' Velvet Bonanza Trade Dress, and Defendant's manufacture, distribution, sale and/or promotion of the infringing packaging design is likely to cause confusion and mistake and to deceive customers as to the source, origin or sponsorship of their products.

39. Upon information and belief, Defendant chose to use the infringing product packaging design with actual knowledge of Plaintiff's prior use of and rights in the distinctive and well-known Velvet Bonanza Trade Dress. Upon information and belief, Defendant markets

and sells its infringing design in commerce with the intent to cause confusion, to cause mistake, or to deceive.

40. Defendant's actions constitute willful trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendant's conduct has caused and is causing irreparable injury to Plaintiff.

## COUNT THREE

### Unfair Competition (15 U.S.C. § 1125(a))

42. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

43. Defendant's use of the Creative Kids' Crystal Growing Trade Dress and Velvet Bonanza Trade Dress in connection with its infringing product packaging constitutes false designation of origin and false representations as to the origin of Defendant's goods, is likely to cause confusion, mistake, or deception as to the source of Defendant's goods, and is likely to create the false impression that Defendant's goods are authorized, sponsored, endorsed, licensed by, or affiliated with Creative Kids.

44. Upon information and belief, Defendant chose to copy the designs of Creative Kids Crystal Growing Trade Dress and Velvet Bonanza Trade Dress for its copycat products, the Crystal Growing Kit and Ultimate Velvet Art products, with actual knowledge of Plaintiff's prior use of and rights in the Crystal Growing Trade Dress and Velvet Bonanza Trade Dress. Upon information and belief, Defendant has used its infringing product packagings in commerce with the intent to cause confusion, to cause mistake, or to deceive consumers and the trade.

45. Defendant's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

## COUNT FOUR

### Trade Dress Infringement Under New York Law (N.Y. Gen. Bus. Law § 360-k)

46. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

47. Defendant's acts, as described above, constitute trade dress infringement under N.Y. Gen. Bus. Law § 360-k.

## COUNT FIVE

### Unfair Competition Under New York Law (N.Y. Gen. Bus. Law § 360-o)

48. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

49. The acts of Defendant, as described above, constitute unfair competition in violation of Creative Kids' rights under the New York State common law, as preserved under N.Y. Gen. Bus. Law § 360-o.

## COUNT SIX

### Trade Dress Dilution Under New York Law (N.Y. Gen. Bus. Law § 360-l)

50. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

51. The product packaging trade dresses of Creative Kids are used in commerce, are non-functional, inherently distinctive and have acquired secondary meaning amongst consumers and the trade.

52. RMS' distribution, sale and promotion of products employing the asserted Creative Kids' product packaging trade dresses is likely to dilute and detract from the distinctiveness of the Creative Kids' trade dresses.

53. RMS' acts of trade dress dilution, unless restrained, will cause great and irreparable injury to Creative Kids and to the business and goodwill represented by the product packaging trade dresses, in an amount that cannot be ascertained at this time, leaving Creative Kids with no adequate remedy at law.

54. The acts of Defendant as described above constitute trade dress dilution in violation of N.Y. Gen. Bus. Law § 360-l.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that a judgment be entered:

1. Enjoining and restraining Defendant, its officers, directors, agents, servants, employees, representatives and all those persons in active concert or participation with it from:

    a. using Plaintiff's Crystal Growing Trade Dress, Velvet Bonanza Trade Dress, or any product packaging confusingly similar thereto;

    b. manufacturing, distributing, shipping, advertising, promoting, selling or otherwise offering for sale the trade dresses, or any product packaging design that is confusingly similar to Plaintiff's Crystal Growing Trade Dress or Velvet Bonanza Trade Dress;

    c. representing, by any means whatsoever, that any products manufactured, distributed, advertised, offered or sold by Defendant are the Creative Kids' products or vice versa, and from otherwise acting in a way likely to cause confusion, mistake or deception on the part of purchasers or consumers as to the origin or sponsorship of such products; and

2. Enjoining Defendant, its officers, directors, agents, servants, employees, representatives and those persons in active concert or participation with Defendant from engaging in, or knowingly contributing, assisting, inducing, aiding or abetting any other person or entity in engaging in, any acts of unfair competition, false designation of origin and/or deceptive trade practices in connection with the design, manufacture, sale, offer for sale, distribution, installation or use of the trade dresses, or any product packaging substantially similar thereto.

3. That Defendant deliver up for destruction all infringing products in its possession or control and all means of making the same in accordance with 15 U.S.C. § 1118.

4. That Defendant account to Creative Kids for its profits and any damages sustained by Creative Kids, to the extent calculable, arising from the foregoing acts of trade dress infringement and dilution, false designation of origin and deceptive acts and practices.

5. That Creative Kids be awarded judgment for three times such profits or damages (whichever is greater), pursuant to 15 U.S.C. § 1117 and N.Y. Gen Bus. Law § 349(h).

6. That Plaintiff be awarded punitive damages pursuant to the law of the State of New York in view of Defendant's intentional and willful trade dress and trademark infringement and other conduct.

7. Awarding to Plaintiff its reasonable attorneys' fees.

8. Awarding to Plaintiff its taxable costs.

9. That Defendant be required to file with the Court and to serve on counsel for Creative Kids, within thirty (30) days after entry of any injunction issued by the Court in this

action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) settling forth in detail the manner and form in which Defendant has complied with any injunction which the Court may enter in this action.

10. Granting Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff seeks a jury trial on all claims as to which a jury trial may be had.

Dated: New York, New York
April 20, 2017

Respectfully submitted,

s/Douglas A. Miro
Douglas A. Miro
dmiro@ostrolenk.com
Alan Federbush
afederbush@ostrolenk.com
Ariel S. Peikes
apeikes@ostrolenk.com
OSTROLENK FABER LLP
1180 Avenue of the Americas
New York, NY 10036
Tel: (212) 382-0700
Fax: (212) 382-0888

*Attorneys for Defendants
Creative Kids Far East, Inc.*